RECEIVED
9/30/2021
DEBORAH S. HUNT, Clerk



MICHELLE M. ROSE
By Email



**Docket No: H-2018001578**

**State of Ohio**
**Unemployment Compensation Review Commission**
P.O. Box 182299
Columbus, Ohio 43218-2299

### DECISION

**In re claim of:**
Michelle M. Rose - Appellant

**Employer:**
University Hospitals Physician Services, Inc.
UCO No.: 1091646002-0000

## CASE HISTORY



The claimant, Michelle M. Rose, filed an Application for Determination of Benefit Rights for a benefit year beginning December 17, 2017.

On February 01, 2018, the Director issued a Redetermination disallowing claimant's application, based upon the finding that claimant was discharged from employment with University Hospitals Physician Services, Inc. for just cause in connection with work. It was also held that no benefits will be paid until claimant obtains covered employment, works six weeks, earns wages of $1,482.00, and is otherwise eligible. Furthermore, the Redetermination held that:

> An issue regarding the claimant's ability to work, affecting benefits beginning on 12/17/2017, was adjudicated as follows. The claimant is/was unable to work due to physical inability to perform his/her customary job duties. No medical evidence was presented to establish the claimant's ability to engage in other types of employment. Therefore, claimant failed to meet the ability requirements of the Ohio Unemployment Compensation Law. An individual is ineligible from Sunday of the week in which the issue started through Saturday of the week in which the issue ended. Therefore, claimant is ineligible from 12/17/2017 until this agency is provided evidence that this issue no longer exists and claimant is otherwise eligible.

On February 01, 2018, the claimant filed an appeal from the Redetermination.

On February 02, 2018, the Ohio Department of Job and Family Services transferred jurisdiction to the Unemployment Compensation Review Commission.

On February 14, 2018, a hearing was held before Hearing Officer Jared Wade, by telephone. The claimant appeared and offered testimony. University Hospitals Physician Services, Inc. did not appear.

**FINDINGS OF FACT**

The claimant started to work for the employer in March of 2011. She worked for the employer as a practice manager. Cindy Clark was the claimant's supervisor.

On November 27, 2017, the claimant had surgery. After that surgery, she was on a leave of absence and then returned to work in the first half of December of 2017.

The claimant went on another leave of absence beginning December 15, 2017. During that last leave of absence, Ms. Clark instructed the claimant not to contact employees for work purposes while she (the claimant) is on a leave of absence. After that, the claimant contacted her work office and changed her personal doctor's appointment from December 20, 2017, to a later date. The employer then discharged the claimant on December 20, 2017.

The claimant was not able to work from Sunday, December 17, 2017 through Sunday, January 14, 2018.

The claimant was able to work on every calendar day from Monday, January 15, 2018 through Saturday, February 10, 2018. During the weeks ending January 27, 2018 through February 10, 2018, the claimant was able to work on a full-time basis.

**ISSUE 1**

    Was claimant discharged by University Hospitals Physician Services, Inc. without just cause in connection with work?

**LAW**

    An individual is not disqualified for benefits if the individual was discharged without just cause in connection with work. *Section 4141.29 (D) (2) (a) O.R.C.* For applications filed on and after December 26, 2004, a non-disqualifying separation from employment is a requirement for a valid application. *Section 4141.01 (R) (2) O.R.C.*

**REASONING**

During the claimant's last leave of absence, Ms. Clark instructed the claimant not to contact employees for work purposes while she (the claimant) is on a leave of absence. After that, the claimant contacted her work office and changed her personal doctor's appointment from December 20, 2017, to a later date. In that contact, the claimant was communicating with University Hospitals Physician Services, Inc. as a patient of University Hospitals Physician Services, Inc.

The record before the Hearing Officer contains no testimony from Ms. Clark or any other employee from University Hospitals Physician Services, Inc. regarding why the claimant was separated from employment. With respect to this case, the Hearing Officer is not persuaded that the claimant was discharged by University Hospitals Physician Services, Inc. for just cause in connection with work.

## ISSUE 2

Was the claimant able to work during the weeks ending December 23, 2017 through February 10, 2018, as required by law?

## LAW

An individual is not eligible for benefits for any week unless the individual has met the following conditions:

Filed a valid application for determination of benefit rights.   *4141.29 (A) (1) O.R.C.*

Filed a timely claim for benefits.   *4141.29 (A) (2) O.R.C.*

Registered at an employment office.   *4141.29 (A) (3) O.R.C.*

Able to work and available for and actively seeking suitable work.   *4141.29 (A) (4) O.R.C.*

Unable to obtain suitable work. An individual who works as a temporary and is required to inquire with the employer for available work when they complete an assignment, is not considered to have met the "unable to obtain" requirement if suitable work is available with the employer, but the individual fails to contact the employer to inquire about work assignments.   *4141.29 (A) (5) O.R.C.*

Participates in profiling system if identified as needing reemployment services.   *4141.29 (A) (6) O.R.C.*

Participates in the reemployment and eligibility assessment program, or other reemployment services, as required by the director.   *4141.29 (A) (7) O.R.C.*

## REASONING

In considering an individual's ability to work under solely Section 4141.29(A)(4)(a)(i) O.R.C., the individual must be physically able to work during each day of the week claimed in order to meet this requirement. Therefore, an individual who was physically unable to work for even one day during the week claimed would not be entitled to benefits for that week.

Based upon the above findings of fact, the claimant was not able to work during the weeks ending December 23, 2017 through January 20, 2018, as required by law. However, based upon the above findings of fact, the claimant was able to work during the weeks ending January 27, 2018 through February 10, 2018, as required by law.

## DECISION

The Director's Redetermination, issued February 01, 2018, is modified.

The claimant was discharged by University Hospitals Physician Services, Inc. without just cause in connection with work. The suspension of benefits is removed.

The claimant was not able to work during the weeks ending December 23, 2017 through January 20, 2018, as required by law. Therefore, the claimant is ineligible for benefits for the period of December 17, 2017 through January 20, 2018.

The claimant was able to work during the weeks ending January 27, 2018 through February 10, 2018, as required by law. Therefore, the claimant is no longer ineligible for benefits for the period of January 21, 2018 through February 10, 2018, based upon an ability-to-work issue.

The claimant's Application for Determination of Benefit Rights is no longer disallowed based upon a disqualifying separation from employment. This case is remanded to the Ohio Department of Job and Family Services to determine claimant's monetary entitlement and any charges to the base period employers.

Jared Wade, Hearing Officer

JWW
OJI Determination #: 230381364

**APPEAL RIGHTS**

This decision was mailed on :	March 02, 2018

A Request for Review before the U.C. Review Commission may be filed by any interested party within twenty-one calendar days after this decision is mailed. Said twenty-one day period is calculated to end on March 23, 2018.

This decision of the Review Commission will be final if not appealed within the time limit described above.

The Request for Review must be in writing and signed by the appealing party or an authorized representative. The request should set forth the reasons why the appellant disagrees with the Hearing Officer's decision. You may file your Request for Review by mailing it to the U.C. Review Commission, PO Box 182299, Columbus, Ohio 43218-2299, or by faxing it to (614) 387-3694.

This decision was sent to the following:

Michelle M. Rose - Interested Party
13232 PAINESVILLE WARREN RD
PAINESVILLE, OH 44077-9239
Via Email

University Hospitals Physician Services, Inc. - Interested Party
3605 Warrensville Center Rd
Shaker Heights, OH 44122-5203

Attn: University Hospitals Physician Services, Inc.
UC EXPRESS - Interested Party
PO Box 182366
Columbus, OH 43218-2366

