**Case No. 21-3031**

---

IN THE UNITED STATES COURT OF APPEALS

FOR THE SIXTH CIRCUIT

_____

MICHELLE ROSE,

Plaintiff-Appellant,

v.

UNIVERSITY HOSPITALS PHYSICIANS SERVICES, INC.

Defendant-Appellee.

_____

On Appeal From The United States District Court for the Northern District of Ohio
Case No. 1:20-cv-00132, Judge James S. Gwin

---

**BRIEF FOR APPELLEE**

---

/s/David A. Campbell
David A. Campbell (0066494)
**LEWIS BRISBOIS BISGAARD & SMITH, LLP**
1375 E. 9th Street, suite 2250
Cleveland, OH  44114
Telephone:  216-298-1262
Facsimile:    216-344-9421
Email:David.a.campbell@lewisbrisbois.com

*Attorney for Appellee*

## <u>DISCLOSURE OF CORPORATE AFFILIATIONS AND FINANCIAL INTEREST</u>

Pursuant to 6 Cir. R. 26.1, Appellees University Hospitals Physicians Services ("Appellee") make the following disclosures:

1.　　Is said party a subsidiary or affiliate of a publicly owned corporation?

　　　No.

　　　If the answer is YES, list below the identity of the parent corporation or affiliate and the relationship between it and the named party:

　　　N/A.

2.　　Is there a publicly owned corporation, not a party to the appeal, that has a financial interest in the outcome?

　　　No.

　　　If the answer is YES, list below the identity of such corporation and the nature of the financial interest:

　　　N/A.

Dated: October 29, 2021　　　　　　　/s/David A. Campbell_____
　　　　　　　　　　　　　　　　　David A. Campbell

　　　　　　　　　　　　　　　　　*Attorney for Appellee*

# **TABLE OF CONTENTS**

Page

DISCLOSURE OF CORPORATE AFFILIATIONS AND FINANCIAL
INTEREST ................................................................................................. i

TABLE OF AUTHORITIES ................................................................. iv

INTRODUCTION ................................................................................1

I.    STATEMENT OF JURISDICTION ....................................................1

II.   BRIEF STATEMENT OF THE ISSUES ...........................................2

III.  STATEMENT OF THE CASE ...........................................................2

    A.    Procedural History .......................................................4

    B.    Appellant's General Employment History With Appellee ........5

    C.    Appellant Was Counseled In July, 2017 By Her Supervisor .....7

    D.    Appellant's Performance Following The Counseling Did
        Not Improve ..................................................................8

    E.    Appellant Violated Appellee's Leave Policies And Engaged
        In Inappropriate Behavior Which Ultimately Led To Her
        Discharge .....................................................................9

    F.    The District Court's Decision ......................................11

IV.   SUMMARY OF THE ARGUMENT ..................................................12

V.    ARGUMENT ...................................................................................14

    A.    Standard of Review ....................................................14

    B.    Appellant's "Harassment" Claim Fails As A Matter of Law ...15

    C.    Appellant's Negligence Retention Claim Fails As A Matter
        of Law ........................................................................17

D.  Appellant's Claim for FMLA Interference Fails As A Matter of Law..............................................................................19

　　1.  The Claim Fails Because It Is Time-Barred ..................19

　　2.  The Claim Fails Because Appellant has no damages ....20

　　3.  The Claim Also Fails On The Merits............................21

E.  Appellant's Disability Discrimination Claim Fails As A Matter of Law..............................................................................23

F.  Appellant's Public Shaming Claim Fails as a Matter of Law ..25

G.  Appellant's Breach of Contract Claim Fails As A Matter of Law..............................................................................26

H.  Appellant's Claim for Pain and Suffering Fails As A Matter of Law .....................................................................................27

VI.  CONCLUSION ...................................................................28

6 CIR. R. 32 CERTIFICATE OF COMPLIANCE ..................................29

CERTIFICATE OF SERVICE ...............................................................30

ADDENDUM: DESIGNATION OF DOCUMENTS.............................31

# TABLE OF AUTHORITIES

Page

**Cases**

*Banks v. Bosch Rexroth Corp.*, 610 Fed. Appx. 519 (6th Cir. 2015) ......................23

*Bowman v. Shawnee State Univ.*, 220 F.3d 456 (6th Cir. 2000) ............................16

*Brown v. Babcock & Wilcox,* 936 F.2d 572 (6th Cir. 1991)...................................25

*Celotex Corp. v. Catrett*, 477 U.S. 317 (1986). .................................................. 4, 13

*City of Grand Rapids v. Grand Rapids Police Officers Ass'n*, 818 Fed.
    Appx. 287, 2020 U.S. App. LEXIS 18328, *1, 2020 Fed. App.
    0337N (6th Cir.)..............................................................................................26

*Crew v. Advics Mfg, Ohio*, 12th Dist. Warren No. CA2019-05-051,
    2020-Ohio-328 (Feb. 3, 2020)........................................................................18

*Day v. Fortune Hi-Tech Mktg.*, 536 Fed. Appx. 600, 2013 U.S. App.
    LEXIS 19060, *1, 2013 FED App. 0827N (6th Cir. 2013) .........................27

*Dewis v. A.B. Dick Co.*, 231 F.3d 1016 (6th Cir. 2000) .........................................24

*Farmer v. Cleveland Pub. Power*, 295 F.3d 593 (6th Cir. 2002) ...........................16

*Ferrari v. Ford Motor Co.*, 826 F.3d 885 (6th Cir. 2016)......................................24

*Grindstaff v. Sun Chem. Corp.,* No. 1:09-cv-450, 2010 U.S. Dist.
    LEXIS 123426, *47-49 (S.D. Ohio Nov. 22, 2010)......................................22

*Hawkins v. Anheauser-Bush, Inc.*, 517 F.3d 321 (6th Cir. 2008)...........................17

*Herndon v. Torres*, 791 Fed Appx. 547 (6th Cir. 2019).........................................18

*Hill v. Citizens Ins. Co. of Am.*, 546 Fed. Appx. 799 (6th Cir. 2014).....................27

*Hoffman v. Professional Medical Team*, 394 F.3d 414 (6th Cir. 2005).................20

*Hopkins v. Electronic Data Sys.*, 196 F.3d 655 (6th Cir. 1999).............................24

*Idusuyi v. State of Tenn. Dep't of Children's Servs.*, 30 F.App'x 398
    (6th Cir. 2002) ................................................................................................17

*Kesler v. Barris, Scott, Denn & Driker*, 482 F.Supp.2d 886 (E.D. Mich. 2006) .................................................................................22

*Laski v. Bellwood*, 1997 U.S. App. LEXIS 34117 (6th Cir. 1997) .........................28

*Lewis v. Humboldt Acquisition Corp.*, 681 F.3d 312 (6th Cir. 2012).....................24

*Lunsford v. Sterilite of Ohio, LLC*, N.E.3d --, 2020 WL 5033054 (Ohio Aug. 26,2020) ...................................................................25

*Mast v. IMCO Recycling of Ohio, Inc.,* 58 F. App'x 116 (6th Cir. 2003) ...............................................................................16

*McLaughlin v. Richland Shoe Co.*, 486 U.S. 128 (1988) .........................................19

*Michael v. Caterpillar Fin. Servs. Corp.*, 496 F.3d 584 (6th Cir. 2007)................16

*Morris v. Oldham County Fiscal Court*, 201 F.3d 784 (6th Cir. 2000) .................15

*Niemi v. NHK Spring Co., Ltd.*, 543 F.3d 294 (6th Cir. 2008)...............................14

*Rajeh v. Steel City Corp.,* 157 Ohio App. 3d 722 (Ohio Ct. App. 2004) ...............18

*Ray v. AT&T Mobility LLC*, No. 2:17-cv-68, 2020 U.S. Dist. LEXIS 20361, *28 (E.D. KY Feb. 3, 2020) ...............................................................23

*Ricco v. Potter*, 377 F.3d 599 (6th Cir. 2004)........................................................19

*Road Sprinkler Fitters Local Union No. 669 v. Dorn Sprinkler Co.*, 669 F.3d 790 (6th Cir. 2012) .........................................................14

*Rogers v. O'Donnell*, 737 F.3d 1026 (6th Cir. 2013) .............................................14

*Soehner v. Time Warner Cable, Inc.*, No. 1:08-cv-166, 2009 U.S. Dist. LEXIS 106619, *12-13 (S.D. Ohio Nov. 16, 2009)....................................22

*Sokolnicki v. Cingular Wireless, LLC*, No. 05-74110, 2007 U.S. Dist. LEXIS 37093, *19-20 (E.D. Mich. May 22, 2007).......................................24

*Spurlock v. Postmaster Gen.*, 19 Fed. Appx. 338 (6th Cir. 2001).........................20

*Sygula v. Regency Hosp. of Cleveland East*, 8th Dist. Cuyahoga No. 103436, 2016-Ohio-2843, (May 5, 2016) ......................................18

*Travers v. Cellco P'Ship*, 579 Fed. Appx. 409 (6th Cir. 2014)...................................23

*Wade v. Austin Pear State Univ.*, No. 3:05-0076, 2008 U.S. Dist. LEXIS 3339, *69 (M.D. Tenn. Jan. 16, 2008) ..............................15

*Wells v. Aust.*, 8th Dist. Cuyahoga No. 65325, 1994 Ohio App. LEXIS 2169, *5 (May 19, 1994) ................................................................27

*White v. Baxter Healthcare Corp.*, 533 F.3d 381 (6th Cir. 2008) ................... 14, 25

*Whitfield v. Tenn.*, 639 F.3d 253 (6th Cir. 2011).....................................23

## Statutes

28 U.S.C. § 1291 ...................................................................................1

29 U.S.C. § 2617(c)(1)...........................................................................19

29 U.S.C. § 2617(c)(2)...........................................................................19

42 U.S.C. § 2000e-2(a)(1).......................................................................15

O.R.C. 4112.02(A) .................................................................................15

O.R.C. 4123.74 ......................................................................................18

## Rules

6 Cir. R. 26.1 ......................................................................................... i

Fed. R. Civ. P. 56(a)...............................................................................14

## **INTRODUCTION**

On December 14, 2020, the Federal District Court for the Northern District of Ohio entered summary judgment in favor of Defendant-Appellee, University Hospitals Physician Services, Inc. ("Appellee" and "UHPSI"), on all claims asserted by Plaintiff-Appellant Michelle Rose ("Appellant").  The summary judgment order is sixteen pages in length and is firmly based on the undisputed facts and well-established law.  Accordingly, Appellee respectfully requests the Sixth Circuit Court of Appeals to affirm the District Court's summary judgment order in all respects.

## I.    **STATEMENT OF JURISDICTION**

This appeal is from a final judgment by the United States District Court for the Northern District of Ohio on summary judgment.  Appellant, appearing *pro se*, asserted seven claims in her Amended Complaint against Appellee based on Ohio and federal law.

This Court has jurisdiction under 28 U.S.C. § 1291. On December 14, 2020, the District Court granted Appellee's Motion for Summary Judgment and entered judgment on all claims asserted by Appellant on the same day. Order, Doc 42, PageID #764.  On January 7, 2021, Appellant filed a notice of appeal as to the District Court's granting of Summary Judgment of Appellant's Complaint. Notice of Appeal, Doc 43, PageID # 781.

## II.  <u>BRIEF STATEMENT OF THE ISSUES</u>

1. Whether the District Court properly entered summary judgment on Appellant's common law harassment claim.

2. Whether the District Court properly entered summary judgment on Appellant's claim of negligent hiring, retention and supervision claim.

3. Whether the District Court properly entered summary judgment on Appellant's FMLA interference claim.

4. Whether the District Court properly entered summary judgment on Appellant's disability discrimination claim.

5. Whether the District Court properly entered summary judgment on Appellant's public shame claim.

6. Whether the District Court properly entered summary judgment on Appellant's breach of contract claim.

7. Whether the District Court properly entered summary judgment on Appellant's pain and suffering claim.

## III.  <u>STATEMENT OF THE CASE</u>

Appellant was employed by Appellee for thirteen years.  Appellant admits that she was "very happy" with her employment.  In fact, it is undisputed that Appellant never raised any complaints with the human resources department and she was not given written disciplined for the first twelve years of her employment.

2

Appellant is currently disabled and receiving SSDI benefits. In fact, Appellant's disability status began on November 27, 2017, one month before Appellant's discharge. Appellant admits that she has been medically unable to perform the duties of her former position with Appellee since November 27, 2017.

Appellant admits that she was aware of Appellee's policy that required her to treat her co-workers with respect. Appellant was discharged in 2017 due to Appellant's intentional violation of this policy and her supervisor's directives. In July, 2017, Appellee counseled Appellant on reporting all hours worked, her communication style, and properly raising work issues with management. The counseling was not successful and Appellee was given a Final Written Warning in October, 2017 due to continuing communication issues. The Final Written Warning advised Appellant that she had to "conduct herself in a professional manner" or she would be subject to termination.

Appellant was on an approved FMLA leave at the time of her discharge. Appellant admits that she was told by the physician worked for and her supervisor not to work during the leave of absence. Despite the directive, Appellant texted, emailed and phoned her co-workers regarding work issues. Appellant's co-worker communications included demands that the office staff provide her with their confidential passwords and demands not to tell Appellant's

supervisor.  Appellant was discharged for violating the Final Written Warning and her supervisor's directives.

This lawsuit is not alleging "wrongful termination" and Appellant is not seeking lost wages due to her SSDI status.  As set forth below, summary judgment was properly granted in favor of Appellee on all claims asserted because there are no genuine issues of material facts for trial and Appellee is entitled to judgment as a matter of law.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).  Accordingly, the District Court's summary judgment order should be affirmed in all respects.

### A.    <u>**Procedural History.**</u>

Appellant filed her Amended Complaint with the United States District Court for the Northern District of Ohio on April 14, 2020. Complaint, Doc 20, PageID #179. Appellant's Complaint asserted the following claims against Appellee: (1) A common law harassment claim; (2) negligence claim; (3) FMLA interference claim; (4) disability discrimination; (5) public shaming claim; (6) breach of contract claim; (7) and pain and suffering claim *Id.* at Page ID # 1-79-182. Appellee filed a Motion for Summary Judgment with the District Court on September 14, 2020, moving for judgment as a matter of law on all of Appellant's claims. Motion for Summary Judgment ("MSJ"), Doc 31, PageID # 211.

On December 14, 2020, the District Court issued an Opinion granting summary judgment for Appellee on all of Appellant's claims and entered judgment for Appellee that same day. Opinion, Doc 42, PageID ## 764-779. The Opinion is 16 pages in length, very thorough, and discusses all of the facts and issues presented by the Parties at summary judgment.  The District Court applied well-established Sixth Circuit law to the undisputed facts at issue in this case and determined that Appellant failed to establish a genuine issue of material fact as to any of her claims which would preclude summary judgment. *Id.*  Specifically, the District Court found that Appellant's harassment claim failed as a matter of law because Appellant could not, and still cannot, establish any valid form of harassment as it would relate to discrimination. *Id.* at PageID ## 767-769. The District Court similarly found that Appellant failed to establish her prima facie case for her disability discrimination claims because she was terminated due to performance issues rather than her disability. *Id.* at PageID ## 775.

On January 7, 2021, Appellant filed her Notice of Appeal with the District Court. Appeal, Doc 1, PageID # 1.

**B.    Appellant's General Employment History With Appellee.**

Appellant was employed by Appellee from 2004 until December 20, 2017. MSJ, Doc 31 PageID # 219.  Appellant is currently not working because she is receiving SSDI benefits. *Id.* at PageID #218.  Appellant's initial disability date is

November 27, 2017, the date that she had knee surgery while still employed by Appellee. *Id*. at PageID #222.  Appellant admits that she has been unable to perform the duties and responsibilities of her former position with Appellee due to her disability since November 27, 2017. *Id*. at PageID # 218.

As a long-term employee, Appellant was familiar with Appellee's policies. *Id*. at PageID # 220.  Relevant to this Motion, Appellant was familiar with Appellee's harassment, discrimination, and professional behavior policies. *Id*. In addition, Appellant admits that she was familiar with Appellee's FMLA policy and that she utilized FMLA leave on a number of occasions during her employment. *Id*.

Appellant admits that she was "very happy" during her employment. *Id*. Consistent with her happiness, Appellant never filed a complaint with the human resources department. *Id*.  Finally, until 2017, Appellant does not recall ever receiving any written discipline. *Id*.

Appellant was in management with Appellee for the last seven years of her employment. *Id*. At the time of her discharge, Appellant's position was Practice Lead. *Id*.  Due to a change in federal law, Appellant was paid hourly as a Practice Lead. *Id*.  As Practice Lead, Appellant was responsible for handling a variety of administrative tasks for Dr. Kent Knauer's medical office. *Id*.  Appellant's supervisor at all times relevant to the Amended Complaint was Cynthia Clark. *Id*.

### C.    **Appellant Was Counseled In July, 2017 By Her Supervisor.**

A continuing issue with Appellant's performance was the tone, style, and manner of her communications with her co-workers, peers and managers. *Id*.  In July, 2017, Appellant's supervisor worked with the human resources department to counsel Appellant on a variety of issues. *Id*.  The need for the communication resulted from employees from other departments raising Appellant's communication issues to Appellant's supervisor.  *Id*. at PageID #  221.

The July, 2017 counseling addressed the chain of command, communication style, and the need to report all hours worked.  *Id*.  Appellant admits that her supervisor advised her that "sometimes [her] emails come across the wrong way."  *Id*.  Appellant further recalls that her supervisor told her to "stop" before sending an email to consider "how the other person may read it. . . ."  *Id*.

Consistent with the counseling, HR-63 requires "professional behavior." *Id*.  Appellant admits that she "[a]bsolutely" understood that she had to treat her co-workers with respect.  *Id*.  Consistent with this respect, Appellant admits that Dr. Knauer expected her to act professionally when communicating with her co-workers on behalf of Dr. Knauer's practice. *Id*.

### D.   **Appellant's Performance Following The Counseling Did Not Improve**.

Due to the many employees at University Hospitals Health Systems, Inc. ("UHHS"), policy GM-69 was implemented to govern the execution of contracts. *Id*. Appellant violated GM-69 in August, 2017 by executing a one year contract with a transcription service. *Id*.

Shortly thereafter, Appellee announced that the Allergy Department would be changing its billing and scheduling software. *Id*. Dr. Knauer's practice was in the Allergy Department and Appellant objected to the timing of the change. *Id*. Appellant was upset because no one consulted with her on the date the change would be implemented. *Id*.

Appellant raised objections with her supervisor, the department, the IT Department, and a variety of other management employees. *Id*. at PageID # 222. The IT Department reported that Appellant was on the "warpath." *Id*. Appellant demanded a meeting with a "heavyweight" to discuss the issues. *Id*. The IT Department advised Appellant's supervisor that Appellant's "barrage" e-mails and phone calls are "time-consuming and inflammatory." *Id*. Appellant's objections included informing multiple managers that the software changes will require her to discharge one and potentially two employees. *Id*. Finally, Appellant's objections included multiple threats to take her objections to UHHS' Chief Executive Officer. *Id*.

8

Due to the contract and the inappropriate objections to the software implementation, Appellant was placed on a Final Written Warning on October 19, 2017. *Id*. The Warning addressed Appellant's "aggressive communication style," threats and actions taken to jump the chain of command, the IT Department communications, and the inappropriate execution of the contract. *Id*. The Warning advised Appellant that she had to "conduct herself in a professional manner." *Id*. Finally, Appellant was advised that the failure to comply with the Warning would "result in termination." *Id*.

### E. Appellant Violated Appellee's Leave Policies And Engaged In Inappropriate Behavior Which Ultimately Led To Her Discharge.

Following the Final Written Warning, Appellant was approved for two FMLA leaves. *Id*. Appellant's first leave was an intermittent for her father who was in the hospital. *Id*. Appellant then went on an FMLA leave of absence due to her knee surgery beginning on November 27, 2017. *Id*.

Appellant was ultimately discharged on December 20, 2017. *Id*. at PageID # 223. The discharge took place while Appellant was on a leave of absence. *Id*. Appellant admits that Dr. Knauer and her supervisor directed her not to work during her FMLA leave. *Id*. Despite the directive, Appellant texted, called and emailed her co-workers regarding work. *Id*. Appellant's communications included requests for her staff to send her their login and password information

9

for a variety of computer systems. *Id*. The communications asked the staff not to advise Appellant's supervisor and to email the information to Appellant's personal email address. *Id*. The staff reported to Appellant's supervisor that Appellant's communications were "crazy" and made them "nervous." *Id*. The craziness was, in part, due to Appellant calling the office from a blocked phone number to speak with one of the employees. *Id*. While on the call, Appellant yelled at the co-worker for saying her name aloud and questioned the employee as to where they had been that day. *Id*.

Based on Appellant's violation of the Final Written Warning, Appellee's policies, and the directives given to Appellant, Appellant was discharged on December 20, 2017. *Id*. Due to Appellant's leave status, Appellant was notified of the discharge over the phone. *Id*. Appellee's employees were careful to verify no one could hear the call. *Id*. However, the phone call was short, direct and truthful. *Id*. In fact, Appellant does not recall the conversation. *Id*.

Appellant's health insurance was scheduled to end at the end of December, 2017 due to her discharge date. *Id*. However, at Appellant's request, Appellee extended the coverage through the end of January, 2018. *Id*. at PageID # 224. Appellant did not give anything in return for this action. *Id*. Appellee complied with this promise. *Id*. However, due to the fact that January was the beginning

of the calendar year, Appellant's deductible started at zero again; requiring Appellant to pay out-of-pocket for certain healthcare in January. *Id*.

On January 3, 2018, Appellee confirmed the health insurance extension in writing. *Id*. In addition, due to the fact that Appellant was working during her FMLA leave, Appellee asked Appellant to report any hours worked during that FMLA leave. *Id*. In fact, Appellant was asked to report any hours of the clock from November, 2016 – when Appellant moved to hourly – until her discharge. *Id*. Appellant never responded to the email, so Appellee paid Appellant for hours worked during the FMLA leave based on her computer login information. *Id*.

F. **The District Court's Decision.**

On December 14, 2020, Judge Gwin issued a lengthy and detailed Memorandum Opinion granting Appellees' Motion for Summary Judgment and dismissing all claims asserted in Appellant's Complaint. Opinion, Doc 39, PageID ## 879-907. The issues presented for summary judgment were fully briefed. The Opinion is 16 pages in length, very thorough, and addresses all issues presented by the Parties. *Id.* In reaching his decision, Judge Gwin thoroughly discussed the facts revealed during discovery and the law and argument cited in both Parties' briefs. Indeed, the Opinion contains nearly eight pages of facts and 16 pages of extensive analysis. *Id.* As to the analysis conducted, the Judge Gwin addressed

each of Appellant's claims and the many elements Appellant was required to establish. *Id.*

## IV.   SUMMARY OF THE ARGUMENT

The District Court's summary judgment order should be affirmed in all respects.

Appellant-Michelle Rose was employed by Appellee-University Hospitals Physician Services, Inc. for thirteen years.  MSJ, Doc 31, PageID # 218.  Appellant admits that she was "very happy" with her employment.  *Id*. at PageID # 220.  In fact, Appellant never raised any complaints with the human resources department, and she was not given written disciplined for the first twelve years of her employment.  *Id*. at PageID # 218.

Appellant is currently disabled and receiving SSDI benefits.  *Id*.  In fact, Appellant's disability status began on November 27, 2017, one month before Appellant's discharge.  *Id*.  Appellant admits that she has been medically unable to perform the duties of her former position with Appellee since November 27, 2017. *Id*.

Appellant admits that she was aware of Appellee's policy that required her to treat her co-workers with respect.  *Id*.  Appellant was discharged in 2017 due to Appellant's intentional violation of this policy and her supervisor's directives.  *Id*. In July, 2017, Appellee counseled Appellant on reporting all hours worked, her

communication style, and properly raising work issues with management.  *Id*.
The counseling was not successful, and Appellant was given a Final Written
Warning in October, 2017 due to continuing communication issues.  *Id*.  The
Final Written Warning advised Appellant that she had to "conduct herself in a
professional manner" or she would be subject to termination.  *Id*.

Appellant was on an approved FMLA leave at the time of her discharge.
*Id*. at PageID # 219. Appellant admits that she was told by the physician worked
for and her supervisor not to work during the leave of absence.  *Id*. Despite the
directive, Appellant texted, emailed and phoned her co-workers regarding work
issues.  *Id*.  Appellant's co-worker communications included demands that the
office staff provide her with their confidential passwords and demands not to tell
Appellant's supervisor.  *Id*.  Appellant was discharged for violating the Final
Written Warning and her supervisor's directives.  *Id*.

This lawsuit is not alleging "wrongful termination" and Appellant is not
seeking lost wages due to her SSDI status.  *Id*.  As set forth below, summary
judgment should be granted in favor of Appellee on all claims asserted because
there are no genuine issues of material facts for trial and Appellee is entitled to
judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23
(1986).  Accordingly, this Motion should be granted, this matter terminated, and
judgment should be entered in favor of Appellee.

## V.  ARGUMENT

### A.  Standard of Review.

Appellate courts review summary judgment decisions *de novo*. *Road Sprinkler Fitters Local Union No. 669 v. Dorn Sprinkler Co.*, 669 F.3d 790, 793 (6th Cir. 2012).  "Summary judgment should be rendered 'if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law.'"  *Rogers v. O'Donnell*, 737 F.3d 1026, 1030 (6th Cir. 2013) (citing Fed. R. Civ. P. 56(a)).  This Court must view the evidence in the light most favorable to Appellant and draw all reasonable inferences in her favor.  *White v. Baxter Healthcare Corp.*, 533 F.3d 381, 390 (6th Cir. 2008).  However, "[n]ot just any alleged factual dispute between the parties will defeat an otherwise properly supported motion for summary judgment; the dispute must present a *genuine* dispute of *material* fact."  *Rogers*, 737 F.3d at 1030 (citing *Baxter*, 533 F.3d at 390) (emphasis in original).  A factual dispute is considered "genuine" and sufficient to deny summary judgment only if the fact is based on evidence upon which a reasonable jury could return a verdict in favor of the non-moving party.  *Niemi v. NHK Spring Co., Ltd.*, 543 F.3d 294, 298 (6th Cir. 2008).  Similarly, a factual dispute concerns a "material" fact for purposes of summary judgment only if its resolution might affect the outcome of the suit under the governing substantive law.  *Id.* at 298-99.

**B.    Appellant's "Harassment" Claim Fails As a Matter of Law.**

As previously stated, it is unclear what law Appellant's harassment claim is based upon. The claim initially fails because Appellant does not allege that the harassment is based on any category protected by federal or Ohio harassment law. 42 U.S.C. § 2000e-2(a)(1) (2012) (Title VII prohibits "discriminat[ion] against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin"); O.R.C. §4112.02(A) (It is unlawful "[f]or any employer, because of the race, color, religion, sex, military status, national origin, disability, age, or ancestry of any person, to discharge without just cause, to refuse to hire, or otherwise to discriminate against that person with respect to hire, tenure, terms, conditions, or privileges of employment, or any matter directly or indirectly related to employment"); *Wade v. Austin Pear State Univ.*, No. 3:05-0076, 2008 U.S. Dist. LEXIS 3339, *69 (M.D. Tenn. Jan. 16, 2008) (Title VII does not prohibit all verbal or physical harassment in the workplace; it is directed only at intentional discrimination based on a protected category. . . .")(citing *Morris v. Oldham County Fiscal Court*, 201 F.3d 784, 790 (6th Cir. 2000)).  Appellant's harassment claim fails to allege that the harassment is based on any of the above protected categories.

15

If a protected category is alleged, the claim fails on the merits. To establish a hostile work environment under the Americans with Disabilities Act, Plaintiff must establish that: (1) she was a member of a protected group, (2) she was subjected to unwelcome harassment, (3) the harassment was based upon the employee's protected status, (4) the harassment affected a term, condition, or privilege of employment, and (5) the employer bears responsibility for the harassment. *Michael v. Caterpillar Fin. Servs. Corp.*, 496 F.3d 584, 600 (6th Cir. 2007) (quoting *Farmer v. Cleveland Pub. Power*, 295 F.3d 593, 605 (6th Cir. 2002)); *Mast v. IMCO Recycling of Ohio, Inc.*, 58 F. App'x 116, 119 (6th Cir. 2003).

Appellant testified that she was "very happy" during her employment.  MSJ, Doc 31, PageID # 225.  The alleged harassment in this case apparently arises from two events.  The first event is Appellee's request in July, 2017 that Appellant report all hours worked.  *Id*. at PageID # 226.  The second event apparently arises out of Appellant making a statement about suicide in the workplace and being placed on leave to verify her health and safety.  *Id*.  Before returning to work following the suicide comment, Appellant alleges that she was required to visit with a physician and get a release to return to work. *Id*.  These allegations simply do not meet the severe or pervasive standard.  *Bowman v. Shawnee State Univ.*, 220 F.3d 456 (6th Cir. 2000) ("In order for harassment to be actionable, the workplace must be 'permeated with 'discriminatory intimidation, ridicule or insult'

sufficiently severe or pervasive to alter the conditions of employment.'") *citing Hawkins v. Anheuser-Busch, Inc.,* 517 F.3d 321, 333 (6th Cir. 2008).

Finally, Appellee maintains harassment and discrimination policies. *Id*. at PageID # 227.  Appellant admitted that she was aware of the policy and knew the rules while employed by Appellee. *Id*.  However, Appellant never presented a complaint of harassment or discrimination to Appellee. *Id*.  Based on these admissions, Appellant cannot prove that the employer bears responsibility for the harassment. *Idusuyi v. State of Tenn. Dep't of Children's Servs.*, 30 F.App'x 398, 403 (6th Cir. 2002).  Accordingly, summary judgment should be granted in favor of Appellee on Appellant's harassment claim.

### C.   Appellant's Negligence Retention Claim Fails As A Matter of Law.

Appellant's second claim alleges negligent hiring, retention and supervision. Amended Complaint, Doc 20, PageID # 180.

To recovery on a claim of negligent hiring, supervision, and retention, Plaintiff must show that: (1) the existence of an employment relationship, (2) the employee's incompetence, (3) the employer's knowledge of the employee's incompetence, (4) the employee's act or omission causing the plaintiff's injuries, and (5) a causal link between the employer's negligence in hiring, supervising, and retaining and the plaintiff's injuries. *Herndon v. Torres*, 791 Fed. Appx. 547 (6th

Cir. 2019). Appellant's claim does not allege which of Appellee's employees took these actions. Amended Complaint, Doc 20, PageID # 180.

Furthermore, the claim initially fails because Appellant participates in the workers' compensation program. Ohio's Workers' Compensation program bars employees from asserting negligence claims against their employer. *See* O.R.C. 4123.74 (granting immunity to employers complying with the Workers' Compensation program for injuries arising out of an employee's employment); *see also Crew v. Advics Mfg, Ohio*, 12th Dist. Warren No. CA2019-05-051, 2020-Ohio-328 (Feb. 3, 2020) (employer's participation and compliance with Workers' Compensation program precluded employee's negligence claim); *Rajeh v. Steel City Corp.*, 157 Ohio App. 3d 722, 735 (Ohio Ct. App. 2004) (employer's participation on workers' compensation precludes negligence claims).

Even if the claim does not fail due to the worker' compensation bar, it fails on the merits. The claim addresses nothing more than workplace disputes between Appellant and management. Amended Complaint, Doc 20, PageID # 180. Appellant simply does not provide any evidence of Appellee's negligence, the identity of the allegedly negligent or incompetent employee, and fails to show how Appellant was harmed. *See Sygula v. Regency Hosp. of Cleveland East*, 8th Dist. Cuyahoga No. 103436, 2016-Ohio-2843, *35-36 (May, 5, 2016) (claim requires employee's incompetence, harm to plaintiff, and defendant's negligence).

Accordingly, summary judgment should be granted in favor of Appellee on Appellant's negligence claim.

### D. **Appellant's Claim for FMLA Interference Fails As A Matter of Law**.

The third claim asserted in Appellant's Amended Complaint is FMLA interference. *Id*. The claim alleges that Appellant had to work during an approved FMLA leave. *Id*. Judgment should be entered in favor of Appellee on this claim for three reasons.

#### 1. The Claim Fails Because It Is Time-Barred.

Appellant's Complaint was filed on December 20, 2019. Complaint, Doc 1, PageID #1. The FMLA has its own statute of limitations, which provides that an FMLA action must be brought within two years "after the date of the last event constituting the alleged violation for which the action is brought." 29 U.S.C. § 2617(c)(1). If the plaintiff asserts a willful violation, the statute of limitations extends to three years. 29 U.S.C. § 2617(c)(2).

The Sixth Circuit has held that "[a]n employer commits a willful violation of the FMLA when it acts with knowledge that its conduct is prohibited by the FMLA or with reckless disregard of the FMLA's requirements." *Ricco v. Potter*, 377 F.3d 599, 602 (6th Cir.2004). Mere negligence is not enough. *See McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133, 108 S.Ct. 1677, 100 L. Ed. 2d 115 (1988) ("The word 'willful'. . . is generally understood to refer to conduct that is not

merely negligent."). The plaintiff bears the burden of proving a willful violation. *Hoffman v. Professional Medical Team*, 394 F.3d 414, 417 (6th Cir. 2005).

Appellant's Amended Complaint does not allege a willful violation. Amended Complaint, Doc 20, PageID # 180. More importantly, Appellant was explicitly advised not to work during her FMLA leave.  MSJ, Doc 31, PageID # 219.  In addition, Appellant was counseled that she was required to report all hours worked off of the clock. *Id*. at PageID # 230.   Finally, Appellant was asked to report any work off of the clock, but she failed to report any hours.   *Id*. Accordingly, even if alleged, Appellant simply cannot prove a willful violation of the FMLA and her FMLA interference claim is time-barred.

### 2.    The Claim Fails Because Appellant Has No Damages.

The claim also fails because Appellant's Amended Complaint confirms that Appellant is not seeking "back pay and or future pay." Amended Complaint, Doc 20, PageID # 182.  The FMLA does not award nominal damages. *See Spurlock v. Postmaster Gen.*, 19 Fed. Appx. 338, 340 (6th Cir. 2001) ("[u]nder the FMLA, nominal damages may not be awarded. . .").

Under 29 USCS § 2617, Plaintiff must prove that she lost "wages, salary, employment benefits, or other compensation denied or lost to such employee by reason of the violation." 29 USCS § 2617(a)(1).  Appellant is seeking payments for credit card debt and payment for the loss of her house.  Appellant Brief, Doc 16-2,

PageID # 14.   When asked to report any hours worked off of the clock by Appellee, Appellant never responded.   MSJ, Doc 31, PageID # 230.   Finally, Appellee compensated Appellant for the time that Appellant was logged into her computer during her FMLA leave.   *Id*.   Accordingly, Appellant cannot prove damages and her FMLA claim fails as a matter of law.

### 3.    The Claim Also Fails On The Merits.

Appellant's FMLA interference claim also fails on the merits.   Appellant admitted that she was instructed several times to not perform work while on leave. *Id*.   Nevertheless, Appellant admitted that she refused to follow Appellee's directives and, instead, attempted to contact her co-workers with respect to issues related to work.   *Id*.   Appellant admits that she contacted her co-workers through several different manners of communication.   *Id*.   Appellant undoubtedly was aware that she was not permitted to work while on leave – she instructed each co-worker to not inform her supervisor about Appellant contacting them, asked her co-workers to send all work items to her personal email, and even went so far as to call her office from a blocked phone number.   *Id*.   Appellant's conduct violated Appellee's leave policies and supported the discharge.

Further, assuming, *arguendo*, that Appellant was provided with documents or responded to emails while on leave, such work does not interfere with an employee's FMLA leave as a matter of law, particularly where the employee fails

to inform the employer that she does not wish to perform the work. *See Soehner v. Time Warner Cable, Inc.*, No. 1:08-cv-166, 2009 U.S. Dist. LEXIS 106619, *12-13 (S.D. Ohio Nov. 16, 2009) (answering calls and attending work-related functions during FMLA leave did not establish that defendant interfered with Plaintiff's FMLA leave where Plaintiff did not inform defendant that he felt pressured to perform work or otherwise did not wish to work while on leave); *see also Grindstaff v. Sun Chem. Corp.*, No. 1:09-cv-450, 2010 U.S. Dist. LEXIS 123426, *47-49 (S.D. Ohio Nov. 22, 2010) (attending luncheon during FMLA leave where work-related items were discussed was not FMLA interference; the Court also recognized that answering calls during leave was a 'professional courtesy' and not FMLA interference); *Kesler v. Barris, Scott, Denn & Driker, PLLC*, 482 F.Supp.2d 886, 911 (E.D. Mich. 2006) (fielding calls pertaining to work-related questions was not FMLA interference). Appellant provides no evidence that she informed Appellee she did not wish to respond to emails or receive documents while on leave. Rather, the undisputed evidence shows quite the opposite – that Appellant went out of her way to contact co-workers regarding work. Accordingly, her claim for FMLA leave fails as a matter of law.

Beyond Appellant's baseless assertion that she was required to perform work while on FMLA leave – which is false – it is undisputed that Appellant was granted all FMLA leave requests in 2017. *Id*. at PageID # 231. Accordingly,

22

Appellant's claim for FMLA interference fails as a matter of law. *See Travers v Cellco P'Ship*, 579 Fed. Appx. 409, 414 (6th Cir. 2014) (summary judgment appropriate on plaintiff's claim for FMLA interference where defendant granted all of plaintiff's requests for FMLA leave); *see also Banks v. Bosch Rexroth Corp.*, 610 Fed. Appx. 519, 525-26 (6th Cir. 2015) (summary judgment appropriate on claim for FMLA interference where Plaintiff was granted all FMLA leave requests for which she was entitled); *Ray v. AT&T Mobility LLC*, No. 2:17-cv-68, 2020 U.S. Dist. LEXIS 20361, *28 (E.D. KY Feb. 3, 2020) (summary judgment appropriate on claim for FMLA interference where plaintiff was granted all FMLA for which she was entitled).

### E.   <u>Appellant's Disability Discrimination Claim Fails As A Matter of Law</u>.

Appellant's fourth claim is disability discrimination.  Amended Complaint, Doc 20, PageID #180.   The claim addresses Appellant's discharge from employment. *Id*.

Appellant cannot satisfy her claim for disability discrimination. The *McDonnell Douglas* burden-shifting analysis is applicable to disability discrimination claims. *Whitfield v. Tenn.*, 639 F.3d 253, 259 (6th Cir. 2011). In order for Appellant to satisfy her claim, Plaintiff must show that (1) she is disabled; (2) she is qualified for the position with or without a reasonable accommodation; (3) she suffered an adverse employment action; (4) Defendant

knew or had reason to know of Appellant's disability; and (5) Plaintiff was treated less favorably than similarly situated non-disabled employees. *See Hopkins v. Electronic Data Sys.*, 196 F.3d 655, 660 (6th Cir. 1999); *see also Ferrari v. Ford Motor Co.*, 826 F.3d 885, 894 (6th Cir. 2016). Ultimately, the plaintiff has the burden to show that the disability is the but-for cause for the adverse employment decision. *Lewis v. Humboldt Acquisition Corp., Inc.*, 681 F.3d 312, 321 (6th Cir. 2012).

Initially, Appellant admits that she could not have returned to work with UH in her former position due to her disability.   MSJ, Doc 31, PageID # 232. Accordingly, due to her SSDI status and admissions, Appellant cannot prove that she is otherwise qualified for the position. Moreover, to be qualified, a plaintiff must prove they are meeting their employer's legitimate expectations. *See Dewis v. A.B. Dick Co.*, 231 F.3d 1016, 1022 (6th Cir. 2000).   Here, Appellant was not meeting Appellee's legitimate expectations due to aggressive and inappropriate behavior, failure to adhere to directives to refrain from working while on leave, and requesting that employees provide password information – all of which violate Appellee's policies and the terms set forth in her final written warning. *See Sokolnicki v. Cingular Wireless, LLC*, No. 05-74110, 2007 U.S. Dist. LEXIS 37093, *19-20 (E.D. Mich. May 22, 2007); *also see Brown v. Babcock & Wilcox*,

936 F.2d 572 (6th Cir. 1991)) (employee could not establish that they were qualified for their position due to violating employer's policies).

Finally, Appellant cannot show that her alleged disability was the "but for" cause of her discipline and discharge nor can she prove pretext. *White v. Baxter Healthcare Corp.*, 533 F.3d 381, 393 (6th Cir. 2008). "A plaintiff will usually demonstrate pretext by showing that the employer's stated reason for the adverse employment action either (1) has no basis in fact, (2) was not the actual reason, or (3) is insufficient to explain the employer's action." *White*, 533 F.3d at 393. In this case, Appellant admits to the knowing violation of Appellee's policies and directives. Accordingly, Appellant's disability discrimination claim fails as a matter of law.

### F.   Appellant's Public Shaming Claim Fails As A Matter of Law.

Appellant's fifth claim is "public shaming." Amended Complaint, Doc 20, PageID # 181. As with Appellant's harassment claim, it is unclear what law Appellant's public shaming claim is referencing. The claim is allegedly based on the phone call notifying Appellant of her discharge. *Id*. Based upon an invasion of privacy claim under Ohio Law, a plaintiff must establish: (1) that there has been a public disclosure; (2) that the disclosure was of facts concerning the private life of an individual; (3) that the matter disclosed would be highly offensive and objectionable to a reasonable person of ordinary sensibilities; (4) that the

disclosure was intentional; and (5) that the matter publicized is not of legitimate concern to the public. *Lunsford v. Sterilite of Ohio, LLC*, N.E.3d --, 2020 WL 5033054, at *6 (Ohio Aug. 26, 2020) (citing *Housh v. Peth*, 133 N.E. 2d 340 (Ohio 1956)).

As to the first, second, third, and fourth elements of Appellant's prima facie case, (1) there was no public disclosure; (2) the alleged disclosure was not of a fact concerning her private life; (3) a termination is not highly offensive nor objectionable to a reasonable person; and (4) the termination took place behind a closed door and away from other staff thus not intentional. MSJ, Doc 31, PageID ## 233-234. Furthermore, as to the elements, Appellant does not recall the substance of the phone call. *Id*. at PageID # 233. Appellees' employees verified no other employees could hear the phone call and verified the substance of the call was true and correct. *Id*. at PageID # 234. Appellee Summary judgment should be granted because Appellant has no evidence to support such a claim. *See City of Grand Rapids v. Grand Rapids Police Officers Ass'n*, 818 Fed. Appx. 387, 388, 3030 U.S. App. LEXIS 18328, *1, 2020 Fed. App. 0337N (6th Cir.)(claim for invasion of privacy requires intrusion and public disclosure of embarrassing fact).

## G.    Appellant's Breach of Contract Claim Fails As A Matter of Law.

Appellant's sixth claim is a breach of contract claim. Amended Complaint, Doc 20, PageID ## 181-182. Appellant's breach of contract claim is based upon

the allegation that Appellee failed to provide her with employer-provided medical insurance for the month following her discharge.  *Id*.

Appellant's allegations are false as Appellee provided Appellant health insurance coverage till January 2018.   MSJ, Doc 31, PageID ## 223-224. However, the claim further fails because Appellant admits that she provided no consideration to support a contract claim – the extension of benefits was a gift not an offer or promise that can be deemed a contract.  Order, Doc 42, PageID # 778. Accordingly, Appellant's claim for breach of contract fails as a matter of law. *See Wells v. Aust.*, 8th Dist. Cuyahoga  No. 65325, 1994 Ohio App. LEXIS 2169, *5 (May 19, 1994) (breach of contract requires proof of consideration to support the contract); *see also Day v. Fortune Hi-Tech Mktg.*, 536 Fed. Appx. 600, 601, 2013 U.S. App. LEXIS 19060, *1, 2013 FED App. 0827N (6th Cir.), 2013 WL 4859781. (Contract requires consideration).

### H.  <u>Appellant's Claim for Pain And Suffering Fails As A Matter of Law</u>.

Appellant's seventh and final claim is pain and suffering.   Amended Complaint, Doc 20, PageID # 182.   As to Appellant's pain and suffering claim, the District Court correctly determined that this is simply a damages statement rather than a legal claim. Order, Doc 42, PageID # 778.  Indeed, pain and suffering is an element of some of the claims asserted by Appellant, but not an independent claim. *Hill v. Citizens Ins. Co. of Am.*, 546 Fed. Appx. 799 (6th Cir. 2014) (pain and

suffering is a form of non-economic damages); *see also Laski v. Bellwood*, 1997 U.S. App. LEXIS 34117 (6th Cir. 1997) (pain and suffering is a form of non-economic damages).  Accordingly, as it is a separate claim, Appellant's claim for pain and suffering fails as a matter of law.

## VI. <u>CONCLUSION</u>

For the foregoing reasons, the District Court's decision to grant Appellee's motion for summary judgment should be affirmed.

*/s/David A. Campbell*

David A. Campbell (0066494)

**LEWIS BRISBOIS BISGAARD & SMITH, LLP**

1375 E. 9th Street, suite 2250

Cleveland, OH  44114

Telephone:  216-298-1262

Facsimile:   216-344-9421

Email:David.a.campbell@lewisbrisbois.com

*Attorney for Appellees*

## <u>6 CIR. R. 32 CERTIFICATE OF COMPLIANCE</u>

Pursuant to Rule 32(g) of the Federal Rules of Appellate Procedure and 6 Cir. R. 31(g)(1) and 6. Cir. R. 32 (a), the undersigned counsel, relying on the word county of the word-processing system used to prepare this document, certified that the foregoing complies with the word count issued by this Court's August 26, 2021 briefing schedule.  Section I through Section VI of this Brief contain 6,110  words.

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a true and accurate copy of the foregoing was filed electronically on this 29th day of October, 2021.  Notice of this filing will be sent to all parties, when applicable, by operation of the Court's electronic filing system.  Parties may access this filing through the Court's electronic filing system.  If parties will not receive notice via the Court's electronic filing system, a true and correct copy of the foregoing will be served via e-mail, upon the following:

    Michelle Marie Rose
    1690 Lake Crest Drive
    Roaming Shores, Ohio 44084
    Email: mellis4702@aol.com

                 */s/David A. Campbell*
                 David A. Campbell (0066494)

                 *Attorney for Appellee*

## <u>ADDENDUM: DESIGNATION OF DOCUMENTS</u>

1.  Doc 1, Appellant's Complaint, PageID ## 1-22.

2.  Doc 16-2, Appellant's Brief.

3.  Doc 20, Appellant's Amended Complaint, PageID ##179-185.

4.  Doc 31, Appellee's Motion for Summary Judgment, PageID ## 211-236.

5.  Doc 42, Order, PageID ## 764-779.