NOT RECOMMENDED FOR PUBLICATION

No. 21-3031

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Jul 28, 2022
DEBORAH S. HUNT, Clerk

| | |
|---|---|
| MICHELLE MARIE ROSE, | ) |
| | ) |
|     Plaintiff-Appellant, | ) |
| | ) |
| v. | )   ON APPEAL FROM THE UNITED |
| | )   STATES DISTRICT COURT FOR |
| UNIVERSITY HOSPITALS PHYSICIAN | )   THE NORTHERN DISTRICT OF |
| SERVICES, originally named as University | )   OHIO |
| Hospitals Physician Services, Inc., aka UHPS, | ) |
| | ) |
|     Defendant-Appellee. | ) |

O R D E R

Before: NORRIS, GIBBONS, and LARSEN, Circuit Judges.

Michelle Marie Rose, an Ohio resident proceeding pro se, appeals the district court's judgment in favor of the defendant in her employment discrimination action. This case has been referred to a panel of the court that, upon examination, unanimously agrees that oral argument is not needed. *See* Fed. R. App. P. 34(a).

Rose was an employee of University Hospitals Physician Services ("UHPS"), most recently working in management in the University Hospital Allergy Department. Despite a recent policy change restricting the ability of employees like Rose to enter into contracts, Rose contracted with a transcription service. In another policy change, UHPS announced that the Allergy Department would be changing its billing and scheduling software, which upset Rose. Rose raised her concerns to the IT Department and several senior employees and indicated that she would escalate her objections to higher management. Following these incidents, UHPS placed Rose on a final written warning. After the warning, Rose went on two approved Family and Medical Leave

Act ("FMLA") leaves of absence. On December 20, 2017, UHPS terminated Rose's employment while she was on approved FMLA leave, claiming that she violated the terms of the previous warning along with her supervisor's directives.

In 2019, Rose filed a complaint in state court against UHPS, which removed the action to federal court. Rose amended her complaint to raise the following claims: harassment; negligent hiring, retention and supervision; FMLA interference; disability discrimination; public shame; breach of contract; and pain and suffering.

The district court granted UHPS's motion for summary judgment. On appeal, Rose argues that the district court did not have all of her submitted evidence and therefore did not consider the entire record, that her discovery requests to opposing counsel were not honored, and that the district court improperly analyzed her harassment and breach of contract claims.

We review a grant of summary judgment de novo. *Laster v. City of Kalamazoo*, 746 F.3d 714, 726 (6th Cir. 2014). Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). When reviewing the grant of a motion for summary judgment, we view the evidence and all inferences drawn from the underlying facts "in the light most favorable to the party opposing the motion." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962)). Summary judgment is appropriate against a party that "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

Rose asks us to consider additional evidence on appeal, arguing that the district court did not receive all of the evidence she submitted and therefore based its decision on an incomplete record. We may correct the record "[i]f anything material to either party is omitted from or misstated in the record by error or accident." Fed. R. App. P. 10(e)(2). "[T]he purpose of Rule 10(e)(2) is to permit the court 'to correct omission from or misstatements in the record for appeal, not to introduce new evidence in the court of appeals.'" *United States v. Murdock*, 398 F.3d 491, 500 (6th Cir. 2005) (quoting *United States v. Smith*, 344 F.3d 479, 486 (6th Cir. 2003)).

In addition, we may use our inherent equitable power to allow a party to supplement the record in "special circumstances." *Id.* at 499. Supplementation under our inherent equitable power is generally inappropriate unless the additional evidence "establishes beyond doubt the proper disposition of [the] case." *Inland Bulk Transfer Co. v. Cummins Engine Co.*, 332 F.3d 1007, 1013 (6th Cir. 2003).

Many of the exhibits attached to Rose's brief were submitted to the district court and are already part of the record. As to those that are not, such as various emails, letters, and forms, expansion of the record is not warranted. Rose claims to have recently realized that certain documents that she sent to the district court were never filed. But she does not specifically identify those documents or offer evidence that she submitted documents to the district court that are not in the record, and there do not appear to be any exhibits missing from the two responses she filed to UHPS's summary judgment motion. Even pro se litigants have an "affirmative duty to monitor" the district court's docket. *United States v. Barrow*, No. 17-1628, 2018 WL 2670617, at *2 (6th Cir. Feb. 8, 2018) (quoting *Yeschick v. Mineta*, 675 F.3d 622, 628 (6th Cir. 2012)). And Rose does not otherwise explain her failure to provide these documents to the district court, as opposed to this court, or point to any other equitable factors that support expanding the record. *See Abu-Joudeh v. Schneider*, 954 F.3d 842, 848 (6th Cir. 2020). Finally, the evidence Rose seeks to introduce would not alter the disposition of the case. *See Inland Bulk Transfer Co.*, 332 F.3d at 1013.

Rose also asserts, without elaboration, that her discovery requests were denied. But Rose did not raise this issue before the district court, so we decline to consider it. *See Kusens v. Pascal Co.*, 448 F.3d 349, 368 (6th Cir. 2006).

**Harassment**

Rose claimed that she was harassed because UHPS micromanaged her time entries, required her to undergo a psychological evaluation, and denied training for her staff. For a workplace discrimination claim based on harassment to be actionable, the harassment must be based on the plaintiff's membership in a protected class and be so severe that it "had the effect of unreasonably interfering with the employee's work performance and creating an objectively

intimidating, hostile, or offensive work environment." *Crawford v. Medina Gen. Hosp.*, 96 F.3d 830, 834-35 (6th Cir. 1996); *see* 42 U.S.C. § 2000e-2(a); 42 U.S.C. § 12112(a); Ohio Rev. Code § 4112.02(A). The district court concluded that Rose's harassment claim failed because the harassment she described was not connected to a protected class, such as gender or disability, and was not sufficiently severe or pervasive.

Rose has forfeited appellate review of this claim by failing to address her failure to connect the harassment to a protected class. *See O'Hara v. Brigano*, 499 F.3d 492, 498 (6th Cir. 2007). Moreover, Rose's own allegations tie the harassment at issue to workplace disputes, not to her claimed disability or any other protected category. Additionally, as the district court noted, the harassment at issue was not sufficiently severe to be actionable.

**Negligence**

Rose also asserted a state law claim of negligent hiring, supervision, and retention. As explained by the district court, this claim fails because UHPS was compliant with the Ohio workers' compensation program, and Ohio law grants compliant employers immunity from negligence claims. Employers who comply with the Ohio workers' compensation program receive immunity from damages "for any injury . . . received or contracted by any employee in the course of or arising out of his employment." Ohio Rev. Code § 4123.74; *see* Ohio Const. art II, § 35. Based on this provision, "employers are conferred with immunity for a majority of workplace injuries, and an employee's exclusive remedy for such injury lies within the workers' compensation system." *Parker v. Ford Motor Co.*, 124 N.E.3d 893, 896 (Ohio Ct. App. 2019) (citing *Hoyle v. DTJ Ents., Inc.*, 36 N.E.3d 122, 125-26 (Ohio 2015)). The only exception is when an employee seeks damages arising from an intentional tort. *Id.* The record contained unrefuted evidence that UHPS was compliant with the Ohio workers' compensation program. Therefore, Rose's negligence claim was barred under Ohio law.

**FMLA Interference**

Rose next claimed that UHPS interfered with her FMLA leave taken in October and November 2017 by forcing her to work during those periods. To succeed on an FMLA interference claim, a plaintiff must show, in relevant part, that her employer "denied [her] FMLA benefits to

which [she] was entitled." *Walton v. Ford Motor Co.*, 424 F.3d 481, 485 (6th Cir. 2005). "A benefit is denied if an 'employer interferes with the FMLA-created right to medical leave or to reinstatement following the leave.'" *Tennial v. United Parcel Service, Inc.*, 840 F.3d 292, 308 (6th Cir. 2016) (quoting *Arban v. W. Pub. Corp.*, 345 F.3d 390, 401 (6th Cir. 2003)). An employer may initiate "de minimis" contact with an employee without rising to the level of actionable interference. *Groening v. Glen Lake Cmty. Sch.*, 884 F.3d 626, 632 (6th Cir. 2018).

Rose's argument, liberally construed, is that she was on continuous FMLA leave once her father's condition worsened in October 2017 and was still asked to work during her leave periods. However, the record reflects that Rose was approved for intermittent FMLA leave during the time period at issue. While Rose asserts that her leave was reclassified to continuous, that assertion is not supported by the record. As the district court noted, Rose communicated with work colleagues during her leave, but many of these communications were initiated by Rose. UHPS did contact Rose concerning a change in the timecard process and the need to complete a form, but there is no indication that Rose was required to work during leave. The record also reflects that any work Rose did perform on leave was reimbursed. While there was an issue related to a two-day required training session, Rose missed the training due to her FMLA leave. Additional communications show UHPS attempting to cover Rose's absence and a UHPS human resources employee reminding Rose not to work while on leave. Accordingly, any employer-initiated contact was de minimis and does not rise to an actionable violation of the FMLA. *See Groening*, 884 F.3d at 632. Therefore, summary judgment on Rose's FMLA claim was proper.

**Discrimination**

Rose additionally claimed that UHPS discriminated against her on account of her disability, noting that she was fired five days after her doctor recommended that she extend her FMLA leave for another month to facilitate her recovery from surgery. To make out a prima facie case of disability discrimination, "a plaintiff must demonstrate that (1) she has a disability, (2) she is 'otherwise qualified for the position, with or without reasonable accommodation,' (3) she 'suffered an adverse employment decision,' (4) her employer 'knew or had reason to know' of her disability, and (5) she was replaced or her position remained open." *Williams v. AT&T Mobility*

*Servs. LLC*, 847 F.3d 384, 395 (6th Cir. 2017) (quoting *Macy v Hopkins Cnty. Sch. Bd. of Educ.*, 484 F.3d 357, 365 (6th Cir. 2007)). "If the plaintiff makes out a prima facie case, the burden then shifts to the employer to demonstrate that there was a legitimate, nondiscriminatory reason for the adverse employment action." *Id*. The plaintiff must then show that the reason given by the employer was actually a pretext for unlawful discrimination. *Id*.

Initially, it appears that the basis for Rose's claim is her extending FMLA leave. Regardless of whether Rose alleges an ADA disability claim or an FMLA retaliation claim, Rose has to show a causal connection between the FMLA leave, or her disability, and her discharge. *See id.*; *Hunter v. Valley View Local Sch.*, 579 F.3d 688, 691 (6th Cir. 2009). FMLA retaliation claims, like disability discrimination claims, are subject to the burden-shifting analysis set forth above. *See Romans v. Mich. Dep't of Human Servs.*, 668 F.3d 826, 842 (6th Cir. 2012). Rose cannot recover under either theory because she has not shown that the reason given by UHPS for her discharge—that Rose received a final written warning for the aggressive nature of her communications and her behavior in training sessions for the new software launch, yet continued to engage in disruptive behavior—was a pretext for discriminatory action. *See Chen v. Dow Chem. Co.*, 580 F.3d 394, 400 (6th Cir. 2009).

**Breach of Contract**

Rose claimed that UHPS breached a contract concerning her health insurance coverage after her employment was terminated. Specifically, Rose claimed that UHPS offered to extend her health insurance coverage through January 2018 but then revoked the coverage prior to the end of January. UHPS contended that it did provide coverage through January 2018 and that the extension was a gift, not part of a contract. While Rose argues that UHPS offered her extended coverage in writing and then failed to follow through its on offer, she does not argue that she provided consideration, the absence of which is fatal to her claim. *See Kostelnik v. Helper*, 770 N.E.2d 58, 61 (Ohio 2002). Therefore, the district court properly granted summary judgment on this claim as well.

**Remaining Claims**

Rose does not address the district court's conclusion that she was unable to recover on her public shame or pain and suffering claims. Accordingly, Rose forfeits review of these claims. *See Radvansky v. City of Olmsted Falls*, 395 F.3d 291, 311 (6th Cir. 2005).

**Appointment of Counsel**

Rose lastly takes issue with the district court's decision not to appoint counsel. A pro se plaintiff does not have a right to appointed counsel in a civil proceeding; rather, the appointment of counsel "is a privilege that is justified only by exceptional circumstances." *Lavado v. Keohane*, 992 F.2d 601, 606 (6th Cir. 1993) (quoting *Wahl v. McIver*, 773 F.2d 1169, 11774 (11th Cir. 1985)). The record does not reflect exceptional circumstances warranting the appointment of counsel.

For these reasons, we **AFFIRM** the district court's judgment.

ENTERED BY ORDER OF THE COURT

Deborah S. Hunt, Clerk